IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN SCOTT, § | | |
| PLAINTIFF § | | |
| § | | |
| V. § | CIVIL ACTION NO. 16-1287 | |
| § | | |
| CITY OF AUSTIN § | | |
| AND § | JURY DEMANDED | |
| OFFICER GREGORY WHITE, § | | |
| DEFENDANTS § | | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff JUSTIN SCOTT brings this action against Defendant City of Austin (the "City") and Defendant Officer Gregory White ("Officer White", and collectively with the City, "Defendants"), for injuries and damages resulting to Plaintiff, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff complies with the pleading requirements of Fed. R. Civ. P. 8(a)(2) and the requirements of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

I. PARTIES

1.1   Plaintiff JUSTIN SCOTT is a citizen of the United States and a resident of Travis County, Texas.

1.2   Defendant City of Austin is a municipal corporation located within the boundaries of the Austin Division of the Western District of Texas. Defendant City of Austin can be served

1

through the Interim City Manager, Elaine Hart, at 301 West 2nd Street, 3rd Floor, Austin, Texas 78701.

1.3    Defendant Officer Gregory White is and was at all times relevant to this cause of action a duly appointed and acting officer of the Austin Police Department. Defendant Officer Gregory White can be served at his place of business, Austin Police Department Headquarters, 715 East 8th Street, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

2.1    Plaintiff brings these claims pursuant to 42 U.S.C §§ 1983 and 1988, and these statutes provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2    Federal question jurisdiction is conferred on this Court by 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States.

2.3    This Court has supplemental jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4    This Court has personal jurisdiction over Defendant Officer Gregory White, as he resides in and works in the Western District of Texas.

2.5    This Court has personal jurisdiction over Defendant City of Austin, as it is a political subdivision of the State of Texas, located within the boundaries of the Austin Division of the United States District Court for the Western District of Texas.

2.6    Venue is proper in the Western District of Texas, Austin Division, as this is the district where the claim arose in accordance with 28 U.S.C. § 1391 (b).

## III. DUTY AND LAW APPLICABLE

3.1     Plaintiff JUSTIN SCOTT was subjected to excessive force in violation of the rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. §§ 1983, and 1988.

3.2     Plaintiff pursues this action pursuant to 42 U.S.C. § 1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3     Defendant Officer White was acting under color of law and is liable under 42 U.S.C. § 1983.

## IV. FACTS

4.1     On or about February 20, 2015, in the city of Austin, Texas, Austin Police Sergeant Gregory White violated the Plaintiff's civil rights. Plaintiff, Justin Scott, was at the time of the events which are the subject matter of this claim, a resident of this district.

4.2     Plaintiff has satisfied all prerequisites to suit specified by the Texas Tort Claims Act, VTCA Civil Practice and Remedies Code § 101.101 for each claim in this complaint to which these laws apply.

4.3     The City had actual notice of the injury due to a complete statement of claim which was delivered to the City of Austin Law Department and the Austin Police Department.

4.4     On the morning of February 20, 2015 Justin Scott was standing on the sidewalk on Wheless Lane, Austin. Being homeless Mr. Scott was simply occupying a space on a public sidewalk, he was not interfering with other members of the public, he was not engaged in soliciting other members of the public for money and he was not otherwise engaged in illegal activity.

4.5     At or around 10:00 a.m. Mr. Scott was approached by Officer White. Defendant Officer White was responding to a report of a suspicious person, the report clearly identified the suspicious individual as a black female.

4.6     Plaintiff Justin Scott is a Caucasian male.

4.7     At no time did Justin Scott do anything to give the Defendant Officer White reasonable suspicion to believe he committed a crime.

4.8     Upon approaching Mr. Scott, Defendant Officer White began to interrogate him in regards to his reason for being on the sidewalk, but also asked Mr. Scott about the other person that he supposedly was with.

4.9     Mr. Scott was not then, nor was he prior, accompanied by anyone else.

4.10    Confused by Defendant Officer White's questions, Mr. Scott asked Officer White why he had stopped to speak with him. Officer White ignored Mr. Scott's questions and continued with his interrogation.

4.11    At no time during this conversation did Mr. Scott make any threatening statements or movements.

4.12    Suddenly, without provocation, Officer White grabbed Mr. Scott's hand and arm. Defendant Officer White then began twisting and applying force to Plaintiff's arm, hand and shoulder. Defendant Officer White then cold-cocked Plaintiff's head with his elbow, thereafter proceeding to repeatedly violently punch, elbow, taser and knee the Plaintiff. Defendant Officer White threw Mr. Scott to the pavement and violently stuck him repeatedly in the head, neck and body. The Taser discharges resulted in multiple electrical charges very near Mr. Scott's heart. Because of this Mr. Scott suffered episode of increased heart rate and injury to his body and mental status.

4.13   The violent assault finally ended when back-up officers arrived at the scene.

4.15   After the assault Justin Scott was placed under arrest for assault on a public servant, resisting arrest and taking a weapon from an officer.

4.16   Mr. Scott was then taken to University Medical Center, Brackenridge for the treatment of injuries received from Defendant Officer White's assault.

4.17   On August 18, 2015, upon his attorney's motion, the criminal charges filed against Mr. Scott were dismissed by the Honorable P. David Wahlberg, Judge presiding, In the 167th Judicial District Court of Travis County, Texas.

4.18   Since no response to the claim was received from the Defendant City of Austin, Plaintiff's counsel on 11.09.2016 made a final attempt at a dialog with the City of Austin through a letter sent to Ms. Megan Riley of the City's legal department. At the time of the filing of this Complaint, neither Plaintiff nor his attorneys have received a response from any representative of the City. 4.19   Plaintiff suffered and suffers from physical injuries, extreme psychological injuries, mental anguish, humiliation, trauma, and the indignity of being subjected to a violent beating and excessive force by law enforcement officers as a result of the use of force by Officer White and the City's inadequate policies, practices and customs without any reasonable justification.

V. 42 U.S.C. § 1983<br>Fourth Amendment

5.1 Each Paragraphs of this Complaint is incorporated as if restated fully herein.

5.2 As described in the preceding paragraphs, the Defendant Officer White violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

5.3 As described in the preceding paragraphs, the Defendant Officer White violated Plaintiff's Fourth Amendment right in that they seized Plaintiff without justification and without probable cause and conducted and illegal search of his body.

5.4 The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

5.5 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

5.6 The misconduct described in this Count was undertaken by Defendant Officer White within the scope of his employment and under color of law such that his employer, City of Austin, is liable for his actions.

5.7 As a result of the unreasonable conduct of the Defendant Officer White, Plaintiff has suffered injuries, including emotional distress, physical injuries, extreme psychological injuries, mental anguish, humiliation, trauma, and the indignity of being subjected to a beating and excessive force by law enforcement officers.

VI. 42 U.S.C. § 1983
Due Process

6.1 Each Paragraphs of this Complaint is incorporated as if restated fully herein.

6.2 As described more fully above, Defendants denied Plaintiff due process of law in that they engaged in arbitrary government action that deprived him of his liberty, violated his right to bodily integrity, and was so malfeasant as to shock the conscience.

6.3 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

6.4 The misconduct described in this Count was undertaken by Defendant Officer White within the scope of his employment and under color of law such that their employer, City of Austin, is liable for his actions.

6.5 As a result of the unjustified and unreasonable conduct of the Defendant Officer White, Plaintiff has suffered injuries, including emotional distress, physical injuries, extreme psychological injuries, mental anguish, humiliation, trauma, and the indignity of being subjected to a beating and excessive force by law enforcement officers.

## VII. 42 U.S.C. § 1983
## False Arrest

7.1 Each Paragraphs of this Complaint is incorporated as if restated fully herein.

7.2 As described more fully above, Defendants denied Plaintiff due process of law in that they falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

7.3 The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

7.4 The misconduct described in this Count was undertaken by Defendant Officer White within the scope of his employment and under color of law such that their employer, City of Austin, is liable for his actions.

7.5 As a result of the unjustified and unreasonable conduct of the Defendant Officer White, Plaintiff has suffered injuries, including emotional distress, physical injuries, extreme psychological injuries, mental anguish, humiliation, trauma, and the indignity of being subjected to a beating and excessive force by law enforcement officers.

## VIII. 42 U.S.C. § 1983
## Excessive Force, Wrongful Arrest and Imprisonment

8.1 Each Paragraphs of this Complaint is incorporated as if restated fully herein.

8.2 As described more fully herein Officer White's excessive, inappropriate, and improper use of force -by beating and tasing Plaintiff was a proximate cause of Plaintiff's injuries and damages. Officer White's excessive use of force caused Plaintiff to suffer physical and psychological injuries as well as the pain and suffering resulting from those injuries. Plaintiff's injuries resulted directly from the use of force, and the excessiveness of that use of force was unreasonable.

8.3    The Fourth Amendment of the United States Constitution guarantees each citizen the right to be free from "unreasonable searches and seizures". Mr. Scott's Fourth Amendment right was violated when he was seized by Defendant Officer White without reasonable suspicion or lawful warrant. Said seizure was effected with a clear excess of force, which ultimately caused such severe injuries that Mr. Scott required emergency medical treatment.

8.4    The Fourth Amendment of the United States Constitution guarantees each citizen protection against unlawful arrest. Mr. Scott's Fourth Amendment right in regards to this protection was violated when, without reasonable suspicion, Mr. Scott was approached, apprehended, placed under arrest by Defendant Officer White and continuously incarcerated for approximately 176 days. The absence of reasonable suspicion is evidenced by the recorded 911 call which prompted Defendant Officer White's investigation of the proximate area in which he came upon Mr. Scott. The illegality of the arrest was confirmed by the criminal court that dismissed the charges against Mr. Scott.

8.5    After the assault by Defendant Officer White, Mr. Scott was incarcerated for a period of approximately 176 days, this loss of liberty was a violation of Mr. Scott's Fourth Amendment protection against wrongful arrest and imprisonment.

8.6 The misconduct described in herein was undertaken with malice, willfulness, and reckless indifference to the rights of others, and was objectively unreasonable.

8.7 The misconduct described in this Count was undertaken by Defendant Officer White within the scope of his employment and under color of law such that their employer, City of Austin, is liable for his actions.

8.8 As a result of the unjustified and unreasonable conduct of the Defendant Officer White, Plaintiff has suffered injuries, including emotional distress, physical injuries, extreme psychological injuries, mental anguish, humiliation, trauma, and the indignity of being subjected to a beating and excessive force by law enforcement officers.

8.9 The acts and omissions of Defendants on the occasion in question were unreasonable, unconscionable, deliberately indifferent, and were the proximate and producing cause of the injuries, aggravation of injuries, damages, and aggravation of damages sustained by Plaintiff. Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and his federal rights under §§ 1983 and 1988.

8.10 The City is liable to Plaintiff under 42 U.S.C. § 1983 because its inadequate policies, inadequate training, inadequate hiring practices, and its established customs and/or practices constituted a deliberate indifference to the deprivation of constitutional rights in this case and in similar prior cases and acted as the moving force for Officer White's use of excessive force against Plaintiff. These inadequate policies, customs, and/or practices include:

    1.] An inadequate policy for preventing use of force violations by its police officers;

    2.] An inadequate training program for training its officers in the proper use of force;

3.] An inadequate hiring policy in that it failed to screen out potential officers who presented a plainly obvious risk of committing use of force violations;

4.] An inadequate disciplinary policy in that it failed to adequately punish officers who committed excessive force violations.

5.] An inadequate disciplinary policy in that it failed to adequately punish officers who committed excessive force violations on individuals like the Plaintiff.

8.11    Together with officials from the City of Austin, Chief of Police Art Acevedo is or was the official policymaker for the Austin Police Department with regard to all policies relevant to the deprivation of Plaintiff's constitutional and federal rights.

8.12    The acts and omissions of the City were a proximate cause of Plaintiff's injuries and damages.

## IX. DAMAGES

9.1    Defendants' acts and omissions, as set out above, were proximate causes of Plaintiff's injuries and damages. These damages are far in excess of the minimum jurisdictional amount for this Court and are most probably in excess of a million dollars. Medical care and treatment, past and future, as well as the other elements of damages provided by the law such as mental anguish, loss of enjoyment of life and the other elements of damages recognized by our law are recoverable by Plaintiff. Mr. Scott suffered, and continues to suffer from, significant physical and emotional injuries due to the violent beating inflicted upon him by Defendant Officer White. As such Mr. Scott seeks compensatory and punitive damages against Officer White for his physical and emotional injuries as well as the loss of liberty suffered due to the wrongful arrest.

## X. EXEMPLARY DAMAGES

10.1    In conjunction with all of the foregoing, the conduct of Officer White justifies an award of punitive and exemplary damages against Officer White individually due to his extreme, outrageous, and unjustifiable conduct. Officer White acted with malice and acted intentionally, recklessly, and with deliberate or callously or conscious indifference to the deprivation of Plaintiff's constitutionally protected rights when he used excessive force, on February 20, 2015, when Mr. Scott was injured, arrested and imprisoned.

10.2    The Plaintiff asks that the jury determine the proper amount to be determined as exemplary damages.

## XI. ATTORNEY'S FEES

11.1    Plaintiff has had to retain the services of attorneys to represent him in this complex proceeding and cause of action. Plaintiff has retained the undersigned attorneys to represent him, and pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, he is entitled to recover his reasonable and necessary fees, as well as the reasonable and necessary expenses in pursuit of this claim -at the trial level, the Court of Appeals level if this case is appealed to that court, and in the Supreme Court of the United States, if necessary.

## XII. PRESERVATION OF EVIDENCE

12.1    Plaintiff requests and demand that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint including, but not limited to, video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the Officers or the City.

## XIII. JURY DEMAND

13.1    Plaintiff respectfully demands a trial by jury.

PRAYER

Plaintiff asks for judgment against Defendants and prays for:

(a) trial by jury on all issues triable to a jury;

(b) judgment against Defendants, jointly and severally, on behalf of the Plaintiff for actual damages pursuant to 42 U.S.C. § 1983;

(c) statutory and reasonable attorney fees pursuant of 42 U.S.C. § 1988(b) of Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended;

(d) judgment against Defendants in favor of the Plaintiff for actual damages;

(e) judgment against Officer White in favor of Plaintiff for exemplary damages; and

(f) any such other and further relief to which the Plaintiff may show himself to be justly entitled.

Filed this  7  day of  December, 2016

Respectfully submitted,

VASQUEZ LAW FIRM

Scott S. Vasquez
TSB: 20502675
501 North IH-35
Austin, Texas 78702
(512) 975-8300
(512) 992-0498 (Fax)
ssvasquez@icloud.com
ATTORNEY FOR PLAINTIFF

JS 44 (Rev. 08/16)            CIVIL COVER SHEET     16-1287

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Justin Scott

## DEFENDANTS
City of Austin

**(b)** County of Residence of First Listed Plaintiff: Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Travis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott S. Vasquez
501 N. IH-35
Austin, Texas 78702 (512)975-8300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983 and 1988
Brief description of cause:
Excessive Force and Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/07/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Scott S. Vasquez

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____