IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN SCOTT | § | |
| | § | |
| v. | § | NO. 1:16-CV-1287-RP |
| | § | |
| GREG WHITE and | § | |
| THE CITY OF AUSTIN | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Judgment on the Pleadings (Dkt. No. 40); and Motion to Dismiss (Dkt. No. 41). Plaintiff Justin Scott, who is proceeding pro se, has failed to file a response to either motion. The District Court referred the motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

Justin Scott brings this excessive force case against the City of Austin and Officer Gregory White based on allegations that White used excessive force in effectuating a false arrest, falsely imprisoned him, and violated his Due Process rights, all in violation of 42 U.S.C. §§ 1983 and 1988. He sues the City of Austin pursuant to the municipal liability doctrine articulated in *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).

Scott, who is homeless, alleges that on February 20, 2015, he was approached by White and questioned about another individual White was looking for (an African-American female—Scott is a caucasian male). Scott alleges that in the process of this interrogation, White suddenly and without

provocation grabbed him, punched him multiple times, and employed his Taser. Scott was arrested and charged with assault on a public servant, resisting arrest, and taking a weapon from an officer. After the arrest, Scott was then taken to University Medical Center, Brackenridge for the treatment of injuries received in the course of his arrest. On August 18, 2015, all of the criminal charges filed against Scott were dismissed by District Judge David Wahlberg.

This case was originally filed by counsel. But ten months after it was filed, Scott's counsel moved to withdraw. After a hearing on the motion, Judge Pitman concluded that "Plaintiff [Scott] and Movants [his attorneys] agreed that it would be best to permit Movants to withdraw. Plaintiff advised the Court that he would proceed with the case *pro se* at this time. Plaintiff was advised that the Scheduling Order, (Dkt. 31), will remain in place absent a motion to modify the order." Dkt. No. 39. That same day, the Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings, asking the Court to dismiss the case based because: (1) the independent intermediary doctrine insulated White from unreasonable search/seizure, false arrest/imprisonment, and due process claims; (2) Scott failed to show a constitutional injury or causation for an excessive force claim; (3) White had qualified immunity; and (4) the City was not liable under *Monell*. White's response was due 14 days later. He, however, failed to file any response. Several weeks later, on December 8, 2017, Defendants filed their Motion to Dismiss, noting that Scott had failed to respond to the prior motion, and further had "failed to respond or in any way contact defense counsel since the October 19th telephone conference, and all written communications have gone unanswered." Dkt. No. 41 at 2. A month has passed since the filing of the motion to dismiss, and Scott has not responded to that motion as well.

## II. ANALYSIS

The Local Rules for this Court state:

> A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. A response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion. If there is no response filed within the time period prescribed by this rule, *the court may grant the motion as unopposed*.

Local Rule CV-7(e)(2) (emphasis added). The record reflects that Defendants served Scott with copies of the two motions at the address he listed with the Court. Scott has failed to file a response to either motion within the applicable time frame. On that ground alone, under the Local Rules the Court could grant the motion to dismiss as unopposed.

Moreover, Scott has failed to prosecute his case. A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. FED. R. CIV. P. 41(b). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). Though the Court does not favor dismissing a case on something other than the merits of the claims, it is left with little choice when it cannot communicate with the party who filed the suit. The only other option is to allow the case to pend endlessly, which prejudices the Defendants' rights to have the issues raised in the suit adjudicated. Since October 2017, Scott has failed to respond to communications from the Defendants' attorney, and has failed to file responses

to two motions to dismiss. In light of these circumstances, the undersigned recommends that the District Court grant Defendants' Motion to Dismiss (Dkt. No. 41) without prejudice as unopposed, and deny the Motion for Judgment on the Pleadings (Dkt. No. 40) as moot.[1]

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Dkt. No. 41) **WITHOUT PREJUDICE** and **DENY** Defendants' Motion for Judgment on the Pleadings (Dkt. No. 40) **AS MOOT.** The Clerk is directed to remove this case from the undersigned's docket.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

---

[1] As a practical matter, because he has the right to file objections to this Report and Recommendation, Scott will have one additional chance to indicate his intent to prosecute this case by timely filing objections and stating such an intent.

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of January, 2018.

                                                           ANDREW W. AUSTIN
                                                           UNITED STATES MAGISTRATE JUDGE